# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kelly D. Pint,

      **Plaintiff,**

v.

Michael J. Astrue,
Commissioner of Social Security,

      **Defendant.**

Civ. No. 12-0108 (RHK/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on cross motions for summary judgment. Plaintiff Kelly Pint seeks judicial review of the denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The case was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b). Plaintiff asserts only one point of error by Defendant Michael Astrue, Commissioner of Social Security: that the Commissioner failed to apply the "worn-out-worker" rule. For the reasons stated below, the Court recommends Plaintiff's motion be denied, Defendant's motion be granted, and judgment be entered in Defendant's favor.

## I. Background

Plaintiff applied for DIB and SSI on July 31, 2009, alleging a disability onset date of January 1, 2009. (R. at 11.) Plaintiff's applications were initially denied on November 13, 2009, and on reconsideration on December 22, 2009. (R. at 11.) Plaintiff testified before an administrative law judge ("ALJ") at a hearing on September 9, 2011. (R. at 11, 30-86.) On

September 20, 2011, the ALJ issued his unfavorable decision. (R. at 8-29.) The Appeals Council denied Plaintiff's request for review. (R. at 1-4.)

Plaintiff was born November 16, 1957, and earned his GED in 1990. (R. at 22, 253.) Plaintiff completed a work history report where he listed the following periods of employment: (1) 1976 to 1985, laborer for Alaska Railroad; (2) 1980 to 1981, part-time general laborer; (3) 1985 to 1987, auto body repairman; (4) January 1994 to January 1996, auto mechanic; (5) January 1997 to January 1998, auto mechanic; (6) April 1999 to September 1999, construction laborer; (7) September 1999 to September 2001, welder; (8) June 2006 to October 2006, maintenance worker; and (9) August 2007, recycling yard laborer. (R. at 219, 276-77.) A review of Plaintiff's employment record indicates that, while he was working, he was generally engaged in physically demanding jobs. Plaintiff reported being "good" at following instructions and was capable of paying bills, counting change, handling a savings account, and using a checkbook. (R. at 234, 236, 239-42.)

Plaintiff also reported getting average grades in school and completing the tenth grade.[1] (R. at 336.) He also noted that he obtained a heavy equipment operator's license. (*Id.*) Cathy Liane, M.S., evaluated Plaintiff, noting that he was coherent, relevant, and exhibited goal-oriented thinking. (R. at 337.) Further, Plaintiff completed seven of eight math problems presented by Liane correctly. (R. at 337.) Plaintiff was also evaluated by James Alsdurf, Ph.D., in November 2009. Dr. Alsdurf noted that Plaintiff retained "sufficient mental capacity to concentrate on, understand, and remember routine repetitive instructions, but would be markedly impaired for detailed or complex/technical instructions." (R. at 356.) Further, Dr. Alsdurf found Plaintiff would be able to "carry out routine, repetitive tasks." (R. at 356.)

---

[1] Plaintiff later reported finishing the ninth grade. (R. at 37.)

Plaintiff testified that he finished ninth grade, received welding training, and received his GED. (R. at 37.) He also testified regarding other jobs, including working as a "crusher" at a salvage yard, tractor driver, and lawn mower, which he held on short-term bases. (R. at 43.) A vocational expert testified that Plaintiff's experience as a laborer/maintenance worker was semi-skilled and his work as a welding fabricator was skilled. (R. at 80, 281.)

The ALJ found the following severe impairments: a history of bilateral carpal tunnel syndrome, status post right wrist fusion, right shoulder acromioclavicular joint arthritis with impingement, early osteoarthritis, depression, and a personality disorder. (R. at 13.) The ALJ found that those severe impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that, while Plaintiff could not perform his past relevant work, he could perform a significant number of jobs in the national economy. (R. at 22-23.) The ALJ noted that Plaintiff was 51 years old on the date of his alleged disability onset date, and he had at least a high school education.[2] (R. at 22.)

## II.  Discussion

The sole question before the Court is whether substantial evidence supports the ALJ's decision to not apply the "worn-out-worker" rule. The Social Security Act requires the Court to accord "any fact, if supported by substantial evidence," conclusive effect. 42 U.S.C. § 405(g). The Court must review the record as a whole to determine if substantial evidence supports the Commissioner's conclusion. *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009) (citations

---

[2] The Court need not recount the voluminous record of Plaintiff's medical records because Plaintiff "does not dispute the findings of [the ALJ] regarding the first four steps of the sequential evaluation." (Pl.'s Mem. 6.) Instead, Plaintiff challenges only the ALJ's failure to apply the "worn-out-worker" rule. Accordingly, the Court will not review the ALJ's evalution of Plaintiff's medical visits or otherwise address the first four steps of the ALJ's sequential evaluation. *See Pelkey v. Barnhart*, 433 F.3d 575, 580 (8th Cir. 2005) (refusing to evaluate arguments waived by virtue of social security plaintiff's failure to raise the arguments).

3

omitted). "Substantial evidence" is "relevant evidence that a reasonable mind may accept as adequate to support a conclusion." *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989). There may exist a "zone of choice," in which the Commissioner may choose to grant or deny benefits, because either decision is supported by substantial evidence, "without being subject to reversal on appeal." *Bland v. Bowen*, 861 F.2d 533, 535 (8th Cir. 1988).

The "worn-out-worker" rule applies to a claimant who has

> no more than a marginal education (see § 404.1564) and work experience of 35 years or more during which [he] did only arduous unskilled physical labor, and [he was] not working and [is] no longer able to do this kind of work because of a severe impairment(s) (see §§ 404.1520(c), 404.1521, and 404.1523).

20 C.F.R § 404.1562. If a claimant qualifies as a worn-out worker, the Commissioner "will consider [him] unable to do lighter work, and therefore, disabled." *Id.*; *see also Smith v. Shalala*, 46 F.3d 45, 46 (8th Cir. 1995). Marginal education is defined as "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. [The Commissioner] generally consider[s] that formal schooling at a 6th grade level or less is a marginal education." 20 C.F.R. § 404.1564(b)(2). Marginal education is one level above "illiteracy" and one level below "limited education." Limited education is defined as having "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 404.1564(b)(3). Completion of grades seven through eleven generally constitutes "limited education." *Id.* Finally, a high school education is defined as "abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work." 20 C.F.R. § 404.1564(b)(4).

Despite the grade-level guidelines, other factors may affect a claimant's education level. 20 C.F.R. § 404.1564(b) ("Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work. Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities. . . . However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities."); *see also* Social Security Ruling ("SSR") 82-63, 1982 WL 31390, at *4 (Jan. 1, 1982). Accordingly, absent evidence that tends to refute a claimant's education level, the final completed grade will generally determine a claimant's educational abilities.

Here, Plaintiff asserts he "has a limited education at best," then goes on to argue that his testimony establishes no more than a marginal education. (*Compare* Pl.'s Mem. 11 *with* Pl.'s Mem. 12.) If Plaintiff has a limited education or more, he does not qualify for application of the "worn-out-worker" rule. 20 C.F.R § 404.1562; *Smith*, 46 F.3d at 46. The Court starts with the presumption that Plaintiff had a high school education because he received his GED, which "is functionally equivalent to a high school diploma." *See Totten v. Astrue*, No. 10 Civ. 1410 (RO), 2012 WL 6628023, at *5-6, (S.D.N.Y. Dec. 20, 2012). While Plaintiff's GED is not dispositive of his education level, it does establish the presumption that he had a high school education. Moreover, Plaintiff completed the ninth grade in high school, which represents substantial evidence that he had at least a limited education. Plaintiff argues he sometimes has trouble with large words and struggles with the alphabet because he does not know "where the letters are all the time." (R. at 37.) Despite that testimony, Plaintiff read and passed his driver's license exam and could read street signs. (R. at 38.) Plaintiff also advised Ms. Liane that reading was one of

his hobbies. (R. at 337.) Plaintiff has not demonstrated a dearth of substantial evidence to rebut the presumption established by his formal education.

To be certain, the combination of Plaintiff's formal education, GED, ability to complete seven out of eight math problems correctly, and ability to complete skilled and semi-skilled jobs for three years indicate a level of education higher than "marginal." Plaintiff's ability to complete semi-skilled and skilled work in the recent past supports the conclusion that he had a high school education as defined by the regulations. Although Plaintiff may struggle with reading at times, that struggle has not hindered his ability to pass a driver's test or read for leisure. Therefore, substantial evidence supports a finding that his education level precludes application of the "worn-out-worker" rule, and the ALJ's decisions should be affirmed.

Even if Plaintiff's educational level was minimal and application of the "worn-out-worker" rule was possible, there is insufficient evidence in the record to support the conclusion that Plaintiff worked for 35 years in only arduous, unskilled jobs. Plaintiff fails this requirement in two ways. To begin, there is not substantial evidence that Plaintiff worked for 35 years. A review of the periods listed in Plaintiff's "Work History Report" indicates a maximum of 21 years of work between 1976 and August 2007. Plaintiff argues he worked since he was a child on his parents' dairy farm, however, and he testified to that fact at his hearing. (R. at 64-65.) Plaintiff testified about working at the dairy farm and the type of work he completed. The ALJ did not find Plaintiff's testimony to be unreliable or not credible, and therefore, substantial evidence could support the conclusion that Plaintiff worked the requisite 35 years. However, the Court credits Plaintiff's work history reports, which set forth a list of Plaintiff's jobs more clearly. Although substantial evidence may support a conclusion contrary to the one reached by the ALJ, so long as substantial evidence supports the ALJ's conclusion, the Court may not

reverse or remand the decision. *Bland*, 861 F.2d at 535. Substantial evidence supports the conclusion that Plaintiff has a work history of no more than 21 years. Therefore, based on this finding, the ALJ correctly declined to apply the "worn-out-worker" rule. [3]

Furthermore, of those 21 years, approximately 3 years were in skilled or semi-skilled jobs. (R. at 80, 281.) Plaintiff argues that isolated or brief experience performing semi-skilled or skilled work should not preclude the application of the worn-out-worker rule. While that is true, *Walston v. Sullivan*, 956 F.2d 768, 772 (8th Cir. 1992) (citation omitted), the Court does not consider 3 out of at most 21 years of work to be isolated or brief. Indeed, 3 years represents nearly 15 percent of Plaintiff's documented work history. Even assuming Plaintiff's time at his parents' dairy farm contributed to Plaintiff's work history to establish 35 years of employment, his 3 years working in jobs classified as more than "unskilled" constitute nearly 10 percent of his work history. Accordingly, the Court finds that substantial evidence supports the conclusion that Plaintiff was not engaged in "only" unskilled work. This finding also precludes the application of the "worn-out-worker" rule.

Because the ALJ's decision to forgo application of the "worn-out-worker" rule is supported by substantial evidence, the Court affirms the ALJ's decision.

### III. Recommendation

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

    (1)    Plaintiff's Motion for Summary Judgment (ECF No. 15) be **DENIED**;

---

[3] Plaintiff's counsel describes Plaintiff as "an old-style 'man's man' or macho man. He is physically strong, self-reliant, and doesn't like to ask for help. There aren't many like him anymore . . . He punched a horse in the nose." (Pl.'s Mem. 8.) This vivid description of Plaintiff clearly demonstrates he is a proud man who has worked hard in his life. However, the Court must review the ALJ's decision within the framework set forth by the Social Security Act and the attendant regulations.

(2) Defendant's Motion for Summary Judgment (ECF No. 18) be **GRANTED**; and

(3) **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: February 11, 2013              s/ *Jeanne J. Graham*
                                      JEANNE J. GRAHAM
                                      United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 26, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.